UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ANTONIO VALLIN BRIDGES,

        Petitioner,

v.

RANDY REWERTS,

        Respondent.

_____/

Case No. 1:21-cv-1059

Honorable Sally J. Berens

**OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Petitioner has consented to the conduct of all proceedings in this case, including entry of a final judgment and all post-judgment motions, by a United States magistrate judge. (ECF No. 5.)

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, the Court concludes that the petition is barred by the one-year statute of limitations.

Nonetheless, the Court will permit Petitioner, by way of an order to show cause, an opportunity to demonstrate why his petition should not be dismissed as untimely.

## Discussion

I. **Factual Allegations**

Petitioner Antonio Vallin Bridges is incarcerated with the Michigan Department of Corrections at the Carson City Correctional Facility (DRF) in Carson City, Montcalm County, Michigan. On December 1, 2015, in the Ingham County Circuit Court, Petitioner pleaded guilty to three counts of false pretenses – $1000 or more but less than $20,000, in violation of Mich. Comp. Laws § 750.218(4)(a), and admitted to being a habitual offender - third offense, Mich. Comp. Laws § 769.11. *Bridges v. Barrett*, No. 1:16-cv-1269 (W.D. Mich.) (Plea Tr., ECF No. 21-2, PageID.123–128.)[1] At the sentencing hearing held on December 16, 2015, the trial court

---

[1] The present petition is Petitioner's ninth petition challenging the fact or duration of the sentences imposed for the false-pretenses charges as well as one prisoner civil rights complaint that also challenged the constitutional propriety of Petitioner's continued incarceration. Petitioner is not particularly forthcoming in his submissions in any single case; however, upon reading Petitioner's filings in all of the cases, one can put together a fairly complete chronology of the events that prompted each of Petitioner's petitions. The cases will be referenced herein as follows:

1. *Bridges v. Barrett*, No. 1:16-cv-1269 (W.D. Mich.) will be referenced as *Bridges I*;
2. *Bridges v. Harry*, No. 1:17-cv-287 (W.D. Mich.) will be referenced as *Bridges II*;
3. *Bridges v. Harry*, No. 1:17-cv-612 (W.D. Mich.) will be referenced as *Bridges III*;
4. *Bridges v. Michigan Parole Board*, No. 1:20-cv-612 (W.D. Mich.) will be referenced as *Bridges IV*;
5. *Bridges v. Rewerts*, No. 1:20-cv-1130 (W.D. Mich.) will be referenced as *Bridges V*.

Petitioner also filed a civil rights complaint relating to alleged constitutional violations in connection with the denial of parole, *Bridges v. Michigan Parole Board Members*, No. 1:20-cv-1138 (W.D. Mich.), which shall be referenced herein as *Bridges VI*. And the first habeas petition Petitioner filed that challenged the same parole revocation proceeding challenged in the present petition, *Bridges v. Rewerts*, No. 1:21-cv-558 (W.D. Mich.), shall be referenced as *Bridges VII*. The entirely duplicative petition that he filed shortly thereafter, *Bridges v. Michigan Parole Board et al.*, No. 1:21-cv-678 (W.D. Mich.), shall be referenced as *Bridges VIII*. The third petition filed

sentenced Petitioner to concurrent sentences of 2 ½ to 10 years with 138 days of credit. *Bridges I* (Sentencing Tr., ECF No. 21-3, PageID.150–151).

*Bridges I*, *Bridges II*, and *Bridges III* each attacked the original convictions and sentences. All three petitions were dismissed without prejudice because Petitioner failed to exhaust his state court remedies. Petitioner was paroled on January 30, 2018. *Bridges VI* (Compl., ECF No. 1, PageID.2).

Petitioner lasted less than a year on parole. During November of 2018, Petitioner was bound over to the Ingham County Circuit Court on charges of resisting and obstructing a police officer and fourth-degree criminal sexual conduct.[2] On June 6, 2019, those charges were dismissed, and Petitioner pleaded guilty to attempted resisting and obstructing a police officer. *Id.* The court sentenced Petitioner to one day in the Ingham County Jail; but based on that plea, on June 26, 2019, Petitioner's parole was revoked. *Bridges VI*, (Pet'r's Mem., ECF No. 12, PageID.68.) Since that time, Petitioner has been denied parole several times. Those denials form the basis for Petitioner's constitutional challenges in *Bridges IV*, *Bridges V*, and *Bridges VI*. Each case has been dismissed.

On June 28, 2021, Petitioner filed the habeas corpus petition in *Bridges VII*, raising one ground for relief, paraphrased as follows:

> The parole board violated Petitioner's due process rights by revoking parole based on parole violation charges that were dismissed. The parole board deprived Petitioner of his protected liberty interest to remain on parole without due process

---

to challenge the parole revocation proceedings, *Bridges v. Rewerts*, No. 1:21-cv-920 (W.D. Mich.), shall be referenced as Bridges *IX*.

[2] *See* https://courts.ingham.org/CourtRecordSearch/search.do?court=Circuit&businessName= &lastName=Bridges&first Name=antonio&birthMonth=03&birthDay=30&birthYear=1973&plaintiff=Y&defendant=Y&ci vil=Y&traffic =Y (select and view Case Number 18-001000-FH).

       by denying him the opportunity to prove that he did not commit the dismissed violations.

*Bridges VII* (Pet., ECF No. 1, PageID.3).  Although Petitioner had previously attacked his convictions and multiple denials of parole, the *Bridges VII* petition was the first time he had attacked the constitutionality of the parole revocation proceedings.  Thus, the *Bridges VII* petition was not second or successive to the petitions that preceded it.  Petitioner had neither appealed the parole revocation nor pursued a habeas corpus petition to completion; thus, Petitioner had failed to exhaust his state court remedies.  Petitioner asked the Court to consider and resolve the petition despite his failure to exhaust, but the Court declined, dismissing the petition without prejudice for Petitioner's failure to exhaust his state court remedies.  *Bridges VII* (Op., ECF No. 8).  Petitioner filed a notice of appeal of the dismissal, and that appeal is presently pending in the Sixth Circuit Court of Appeals.  *Bridges v. Rewerts*, No. 21-2794 (6th Cir.).

      Almost immediately after filing his notice of appeal in *Bridges VII*, Petitioner filed another petition raising the same claims but bolstered his arguments regarding the futility of his state court remedies with additional facts.  The facts were not based on intervening events; they were simply additional facts regarding events that preceded his petition in *Bridges VII*.  Specifically, Petitioner fixed a date to the filing of his habeas corpus petition in the Montcalm County Circuit Court—March 28, 2020—and revealed that he has also sought habeas corpus and/or mandamus relief in the Michigan Court of Appeals.  *Bridges VIII* (Pet., ECF No. 1, PageID.3–4.)  The Montcalm County Circuit Court, however, had no record of Petitioner's habeas corpus petition, and the Michigan Court of Appeals showed Petitioner's actions in that court as open and pending.  Thus, in the few days between the dismissal of *Bridges VII* and the filing of the *Bridges VIII* petition, there had been no events that would alter the conclusions of the Court that led to the dismissal of *Bridges VII*.  Petitioner's state court remedies remained unexhausted, and he had identified no

circumstances that warrant foregoing the exhaustion requirement. The Court dismissed *Bridges VIII* as duplicative.

At the end of October 2021, Petitioner filed *Bridges IX*, again challenging the parole revocation. The Court directed Petitioner to file an amended petition on the approved court form. Petitioner failed to comply, so the petition was dismissed.

Before *Bridges IX* was dismissed, on December 10, 2021, Petitioner filed the instant petition. Petitioner again failed to file the petition on the approved court form, so the Court again directed him to file an amended petition. The amended petition (ECF No. 6), which also challenges the constitutionality of his parole revocation proceedings is before the Court for review.

## II.     Statute of Limitations

Petitioner's application appears to be barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> > (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Parole revocations are subject to direct review under Michigan's Administrative Procedures Act, Mich. Comp. Laws § 24.304(1). *See Penn v. Dep't of Corr.*, 100 Mich. App. 532, 298 N.W.2d 756, 757–58 (Mich. Ct. App. 1980) (noting that the MDOC is an agency for purposes of the Administrative Procedures Act and that a parole revocation proceeding is a contested case that triggers application of the Administrative Procedures Act); *Witzke v. Withrow*, 702 F. Supp. 1338, 1348–49 (W.D. Mich. 1988). Under the Administrative Procedures Act, a prisoner may file a petition in circuit court to appeal a final decision of the parole board within 60 days after the date of mailing notice of the agency's final decision. *See* Mich. Comp. Laws § 24.304(1). Petitioner acknowledges that he did not seek review under the APA within 60 days of the parole board's decision. He eschewed the opportunity to appeal "because the most serious felony charges and parole violations were dismissed by the parole board officer." *Bridges VII* (Pet., ECF No. 1, PageID.4.) The parole revocation became final upon the expiration of the time for Petitioner to seek direct review 60 days after Petitioner's parole was revoked: August 25, 2019. Petitioner filed his application on December 10, 2021. Obviously he filed more than one year after August 25, 2019. Thus, absent tolling, his application is time-barred.

The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181–82 (2001)

(limiting the tolling provision to only state, and not federal, processes);³ *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").  A prisoner may seek collateral review of the decision to revoke his parole by filing a state petition for habeas corpus relief.  *See Morales v. Mich. Parole Bd.*, 676 N.W.2d 221, 230 (Mich. Ct. App. 2003); *Hinton v. Mich. Parole Bd.*, 383 N.W.2d 626, 629–30 (Mich. Ct. App. 1986); *Triplett v. Deputy Warden*, 371 N.W.2d 862, 865 (Mich. Ct. App. 1985); *see also Caley v. Hudson*, 759 F. Supp. 378, 381 (E.D. Mich. 1991) (dismissing federal habeas corpus petition by a state prisoner for lack of exhaustion of his available state habeas corpus remedy to challenge the revocation of his parole).  A prisoner may, at any time, file a state writ of habeas corpus to challenge the revocation of his parole as long as the prisoner will be in custody at the time the judgment becomes effective.  *See Triplett*, 371 N.W.2d at 865.

Over the course of his many petitions, Petitioner has made varying representations regarding the filing of petitions in the state courts for habeas relief relating to the revocation of his parole.  In *Bridges VII*, Petitioner represented that he had filed habeas petitions in the Ionia County Circuit Court and the Michigan Court of Appeals but that those courts had "failed to act."  *Bridges VII* (Pet'r's Mot., ECF No. 6, PageID.14).  Petitioner did not report when he had filed those petitions.  Review of the Ionia County Circuit Court docket reveals that the court has never received and docketed such a petition.  The Michigan Court of Appeals docketed such a petition, but not until May 10, 2021.⁴

But the tolling provision does not "revive" the limitations period; it does not "restart the clock . . . it can only serve to pause a clock that has not yet fully run." *Vroman v. Brigano*, 346

---

³ Because only state collateral review proceedings can statutorily toll the period of limitation, none of Petitioner's many federal habeas petitions have any impact on the timeliness of his claims.

⁴ *See* https://www.courts.michigan.gov/c/courts/coa/case/357132 (visited Jan. 14, 2022).

F.3d 598, 602 (6th Cir. 2003) (internal quotes omitted).  When the limitations period has expired, "collateral petitions can no longer serve to avoid a statute of limitations."  *Id.*  Thus, the Michigan Court of Appeals petition would not, absent some other tolling of the period of limitation, render the present petition timely.

In the Court's opinion dismissing the *Bridges VII* petition as unexhausted, the Court explained the significance of the timing of the state filing.  *Bridges VII* (Op., ECF No. 8, PageID.25.)  When Petitioner filed *Bridges VIII*, he addressed not only the possible deficiency with regard to the timing of his initial habeas filing, but also the court where he filed it.  Petitioner was able to recall that he filed the petition on March 28, 2020, and that he filed it in the Montcalm County Circuit Court.  *Bridges VIII* (Pet., ECF No. 1, PageID.4.)

Petitioner did not address the timing of his state habeas filings in *Bridges IX*, *Bridges IX* (Pet., ECF No. 1), nor did he address that issue in his initial petition filed in this proceeding (Pet., ECF No. 1).  The amended petition, however, reports that Petitioner sent a habeas petition to the Ionia County Circuit Court on May 6, 2020.  Perhaps anticipating that the Ionia court would have no record of Petitioner's petition, he also states "I never heard back from the courts I figured it was just pending due to COVID-19 that courts were closed or not accepting cases [until] the COVID-19 was over due to prisons were closed and the law library being closed.  Perhaps the petition was lost in the mail system[.]"  (Am. Pet., ECF No. 6, PageID.24.)

No matter how liberally the Court might construe the statutory tolling provision, it plainly requires that the petition for collateral review be "properly filed" and "pending" before the period of limitations is tolled.  There is nothing to suggest that the petition that Petitioner represents he mailed to the Montcalm County Circuit Court during March of 2020, or the petition that Petitioner represents he mailed to the Ionia County Circuit Court during May of 2020, was either properly

filed or pending at any time. Accordingly, the Court concludes that those petitions do not suffice to toll the period of limitation.

The petition that Petitioner filed in the Michigan Court of Appeals was "properly filed" and remained "pending" until the Michigan Supreme Court denied leave to appeal on December 1, 2021. But it was filed during May of 2021, long after the period of limitation had expired. As explained above, once the period has run, it cannot be tolled.

The one-year limitations period applicable to Section 2254 is also subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner bears the burden of showing that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling relief should be granted "sparingly." *See, e.g.*, *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011), *Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006); *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). A petitioner seeking equitable tolling must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner hints that equitable tolling might be appropriate "due to COVID global pandemic over the last year . . . ." (Am. Pet., ECF No. 6, PageID.24.) Certainly, the pandemic is an extraordinary circumstance; but Petitioner has failed to demonstrate that he has been pursuing his rights diligently or that the pandemic prevented him from timely filing his habeas petition. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations does not warrant tolling. *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) ("Keeling's *pro se* status and lack of knowledge of

the law are not sufficient to constitute an extraordinary circumstance and to excuse his late filing."); *Allen*, 366 F.3d at 403 ("'[I]gnorance of the law alone is not sufficient to warrant equitable tolling.'") (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)).

Moreover, Petitioner has aptly demonstrated his ability to file documents in the state and federal courts without significant interruption despite the pandemic. It is difficult to credit the suggestion that the extraordinary circumstance of the pandemic has prevented Petitioner from timely filing his petition when he has been able to effectively pursue his legal remedies during the pandemic. *See Ata*, 662 F.3d at 742 ("[A] causal link between the [extraordinary circumstance] and untimely filing is required."); *see also Stiltner v. Hart*, 657 F. App'x 513, 523–24 (6th Cir. 2016) (regarding the extraordinary circumstance of mental illness); *Ramirez-Matias v. Lynch*, 631 F. App'x 339, 343–44 (6th Cir. 2015) (same). Based on the allegations in the amended petition, Petitioner is not entitled to equitable tolling of the statute of limitations.

Finally, in *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner.]'" *McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 327 (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 399–400.

10

In the instant case, although Petitioner may baldly claim that he is actually innocent, he proffers no new evidence of his innocence, much less evidence that makes it more likely than not that no reasonable juror would have convicted him. *Schlup*, 513 U.S. at 327, 329. Because Petitioner has wholly failed to provide evidence of his actual innocence, he would not be excused from the statute of limitations under 28 U.S.C. § 2244(d)(1). His petition therefore appears to be time-barred.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day*, 547 U.S. at 210; *see also Nassiri v. Mackie*, 967 F.3d 544, 548 (6th Cir. 2020). The Court will allow Petitioner 28 days to show cause why the petition should not be dismissed as untimely.

An order consistent with this opinion will be entered.

Dated:   January 25, 2022                              /s/ Sally J. Berens
                                                                             SALLY J. BERENS
                                                                             United States Magistrate Judge